UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-60488-CIV-ALTMAN/HUNT

VANGUARD PLASTIC SURGERY, PLLC
d/b/a VANGUARD AESTHETIC AND PLASTIC
SURGERY,

        Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE
COMPANY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 15. The Honorable Roy K. Altman, United States District Judge, referred this Motion to the undersigned for disposition. ECF No. 26; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, and Reply thereto, the entire record, and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Defendant's Motion be GRANTED IN PART and DENIED IN PART for the reasons outlined below.

## BACKGROUND

In its Amended Complaint, Plaintiff alleges Defendant paid Plaintiff an "unreasonably low" rate for medical services provided to one of Defendant's members by Plaintiff. ECF No. 11 at *1. Plaintiff provided the member three surgical procedures relating to the member's diagnosis of lobular carcinoma in situ and the associated

increased risk of breast cancer. Two of the surgeries were preauthorized by Defendant, while one was conducted as "a continuation of the [the member's] treatment plan relating to the first surgery and/or on an emergency basis." ECF No. 1 at *2.

Plaintiff is a provider in a "shared savings network," the Three Rivers Provider Network ("TRPN"). Such networks "provide[] payers the right to access out-of-network providers at a negotiated, discounted rate of reimbursement for services provided to insured patients while maximizing the insureds' benefits by eliminating the out-of-network providers' right to balance bill the insured." *Vanguard Plastic Surgery, PLLC v. United Health Grp. Inc.*, No. 21-60023-CIV-SINGHAL, 2021 WL 4651504, at *1 n.1 (S.D. Fla. Sept. 21, 2021) ("Vanguard I").[1] Plaintiff alleges it performed the surgeries with the understanding and expectation that Defendant would reimburse Plaintiff at TRPN's rates, but that Defendant paid at well below not only TRPN's rates, but also below either the reasonable value of the services or the usual and customary charges for such services.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the

---

[1] Plaintiff alleges in its jurisdictional statement that "[t]he amount in controversy exceeds the sum of $30,000, exclusive of interest and costs," ECF No. 11 at *6, which is below the $75,000 threshold required under 28 U.S.C § 1332. However, Plaintiff later alleges that "Plaintiff's charges for the services underlying the Claims totaled $158,188.50," and "Defendant has paid Plaintiff a total of $3,129.79," the difference of which exceeds any necessary amount in controversy for the purposes of federal jurisdiction.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678). "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id*. (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).  "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Plaintiff brings five counts: breach of an implied-in-fact contract regarding payment at the TRPN rates; breach of an implied-in-fact contract regarding fair market value for the services; unjust enrichment/breach of implied-in-law contract; promissory estoppel; and violation of Fla. Stat. 627.64194(4) and Fla. Stat. 641.513(5) regarding emergency services.  Defendant challenges these claims on the basis that they are all preempted under the Employee Retirement and Income Security Act of 1974 ("ERISA"), or, in the alternative, that Plaintiff's claims regarding breach of an implied-in-fact or implied-in-law contract and promissory estoppel fail to sufficiently state causes of action under Florida common law.  Each argument is addressed below.

I.      ERISA Preemption

Defendant first argues that Plaintiff's state-law claims all "relate to" ERISA administration, and Plaintiff's claims are therefore defensively preempted. Congress intended to make the ERISA remedy exclusive, Defendant argues, encouraging employers to participate in the program with a guarantee of uniform regulation. Defendant contends that controversies over the adequacy of non-network payments, such as those here, are just the kind of benefits disputes to which Congress sought to bring such uniformity.

Defendant argues that Plaintiff's allegations are ultimately demands for payments that are based on the patient's participation in an ERISA-governed plan. At the heart of the case, according to Defendant, is the question of whether Defendant had to use the rate agreed to by Plaintiff and TRPN. Defendant argues that this question can only be determined by examining the plan itself.

Plaintiff counters that this Court need not even address the plan at the motion to dismiss stage. Such argument finds support in a recent case from this District. In that case, which bears some similarity to this one, the court declined to consider a plan and its terms in ruling on a motion to dismiss. *Vanguard I*, 2021 WL 4651504 at *3. The *Vanguard I* court noted that "a court may rely on an exhibit attached to a motion to dismiss if 'the document's contents are alleged in a complaint and no party questions those contents.'" *Id.* at *2 (quoting *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)) (internal citations omitted). That court also found this was not the case in Plaintiff's complaint in that it "merely references the Patient was a member of one of Defendants' Plans." *Id.* at 3. Having examined the complaint here, the undersigned finds that it, too, merely

references that the patient in question was a member of Defendant's plan. As such, the plan need not be considered.

However, the *Vanguard I* court also went on to find that Plaintiff's state law claims were not defensively preempted by ERISA. That court determined that the claims did not "relate to" the plan, as Plaintiff was "an out-of-network provider and [wa]s not seeking payment under the Plan itself." *Id*. at 3. Instead, that court found that "Plaintiff's claims were based on its interactions with Defendants independent of the Plan, and Plaintiff brings those claims in its own right and on its own behalf, not on behalf of Patient." *Id.*

At least at this stage in the proceedings, the undersigned agrees with the *Vanguard I* court's analysis. Here, as there, Plaintiff is a provider in a shared savings network. Likewise, Plaintiff here "allege[d] it performed [several] surgeries with the understanding and expectation that Defendants would reimburse Plaintiff for its services at rates equal to either the shared savings network rates required by applicable agreements, or the fair market, or the reasonable value of Plaintiff's services." *Id*. at 1. Further, Plaintiff here "alleges Defendants instead wrongfully paid at rates far below those expected, despite Patient's member card indicating Defendants recognized shared savings networks." *Id.* Plaintiff in that case also alleged, as here, that it was a "a non-participating provider with Defendants and did not agree to be bound by Defendants' reimbursement policies or rate schedules." *Id.*

Contrary to Defendant's contention, the question at the heart of the complaint is whether Defendant had contracted with TRPN to pay rates per the arrangement between Plaintiff and TRPN. The plan is relevant only to the extent that it connects the patient who received care to Defendant. This Court agrees with the *Vanguard I* court that Plaintiff

5

here "is not seeking payment under the Plan itself," but is instead grounding its claims in "its interactions with Defendants independent of the Plan." *Id.* "Plaintiff brings those claims in its own right and on its own behalf, not on behalf of Patient," and the undersigned therefore sees no obvious relevance of the Plan under the four corners of the complaint. *Id.* Accordingly, Defendant's Motion should be denied as to its arguments regarding ERISA.

II. Implied-in-Fact Claims

Defendant next argues that Plaintiff's implied-in-fact contract claims should be dismissed because Plaintiff failed to allege mutual assent. Defendant argues that the mere verification of coverage is not a promise to pay a certain amount. *See Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, No. 18-81761-CIV-ROSENBERG/REINHART, 2020 WL 3547047, at *7 (S.D. Fla. June 30, 2020) ("Courts across the country agree that an insurer's verification of coverage is not a promise to pay a certain amount."). Defendants argue that Plaintiff cannot show a contract for payment of a particular amount merely by the fact that a procedure was authorized.

"Under Florida law, a contract implied-in-fact is an enforceable contract . . . . based on an implicit promise, one that is inferred in whole, or in part, from the parties' conduct." *Fertilizantes Tocantins S.A. v. TGO Agric. (USA), Inc.,* 599 F. Supp. 3d 1193, 1206 (M.D. Fla. 2022) (quoting *Tracfone Wireless, Inc. v. Simply Wireless, Inc.,* 275 F. Supp. 3d 1332, 1342 (S.D. Fla. 2017)); *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 n.3 (11th Cir. 2012) ("In Florida, whether a contract is implied in fact is inferred from the facts and circumstances of the case.") (internal quotation omitted). "An implied contract requires the same elements as an express contract, and differs only in the

6

parties' method of expressing mutual consent." *Id*. A plaintiff must show the existence of a valid contract by alleging: (1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms. *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011). Although Plaintiff may not ultimately prevail, the undersigned finds Plaintiff's allegations adequate at this stage to allege an implied-in-fact contract.

In *Vanguard I*, the court found that Vanguard's complaint contained sufficient facts to support an allegation that there was an understanding between the parties that United would reimburse Vanguard for the services it provided. There, Vanguard claimed that its complaint, as pleaded, supported creation of implied-in-fact contracts between the parties based on their conduct, relationship, and the surrounding circumstances. The *Vanguard I* court found it decisive that United did, in fact, reimburse Vanguard, although it was at a substantially lower rate. *Vanguard I,* 2021 WL 4651504 at *7.

However, another court in this District, ruling on a similar issue, came to a different conclusion. *See Vanguard Plastic Surgery, PLLC v. UnitedHealthcare Insurance Company*, No. 21-62403-CIV-DIMITROULEAS, ECF No. 16 (S.D. Fla. Feb. 9, 2022) ("Vanguard II"). That court found that Vanguard in that case failed to adequately allege either that United promised to pay a particular amount for the services provided, or that there was adequate consideration. *Id.* at *5-*6.

The undersigned first notes that whether an implied-in-fact contract has been formed can be a fact-intensive inquiry better resolved after discovery. *See Rosner v. United States*, 231 F. Supp. 2d 1202, 1217 (S.D. Fla. 2002). Likewise, consideration can be inferred when a party to the contract acts to their detriment in exchange for a promise,

and the other party to the contract accepts a burden in exchange for the benefit of the first party's actions.  *Id.*

Here, the undersigned finds that Plaintiff has adequately alleged, for the purposes of a motion to dismiss, an implicit promise to pay Plaintiff at the TRPN rates.  Plaintiff alleges that Defendant issued a member identification card indicating that it recognized shared savings networks such as TRPN, preauthorized services with Plaintiff, and ultimately paid Plaintiff for those services, though not at the rate Plaintiff expected.  Whether Defendant agreed to pay Plaintiff at the particular rates is at the heart of the dispute, but taking the facts in the light most favorable to Plaintiff, Plaintiff has adequately alleged that Defendant understood the nature of Plaintiff's business and the expectations of shared service networks, and indicated via its membership identification cards that it agreed to these terms.  Plaintiff acted on this agreement to its detriment, while conferring some benefit – albeit not a direct one, discussed *infra* – on Defendant via the treatment of its insured.  To the extent that Defendant argues this cannot be adequate consideration because Plaintiff also alleges that Defendant was required by law to render payment, the undersigned notes that counts here appear to be pleaded in the alternative, and that the obligations alleged under an implied-in-fact contract in this circumstance differ from the obligations Plaintiff claims are required by law.  Accordingly, the undersigned finds such allegations sufficient to survive a motion to dismiss.

III.     <u>Implied-in-Law/Unjust Enrichment Claim</u>

Defendant next argues that Plaintiff's implied-in-law claims should be dismissed because Plaintiff did not confer a direct benefit on United.  Defendant contends that the majority view in this District is that a medical provider does not confer the necessary direct

benefit on an insurer simply by rendering care to someone participating in the plan. ECF No. 15 at *16 (citing *Vanguard II*, No. 21-62403-CIV-DIMITROULEAS). Plaintiff responds that the only two Florida appellate decisions to address the issue have found that such a benefit was conferred. See *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1199 (Fla. 4th DCA 2006); *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 899 So. 2d 1222, 1228 (Fla. 1st DCA 2005).

Courts have previously recognized "a split of authority in evaluating the benefit that flows from a healthcare provider to an insured's insurer." *Vanguard II*, 21-62403-CIV-DIMITROULEAS, ECF No. 16 at *7 (citing *Fla. Emergency Physicians Kang and Assocs., M.D., Inc. v. United Healthcare of Florida, Inc,* 526 F. Supp. 3d 1282, 1303 (S.D. Fla. 2021)). However, it now appears that "the weight of authority favors the conclusion that any benefit conferred upon United was indirect at best." *Id.* at *8 (collecting cases). The undersigned agrees that the weight of authority in this District supports the conclusion that the benefit conferred is not sufficient to justify Plaintiff's implied-in-law claims. Accordingly, these claims should be dismissed.

IV.     Promissory Estoppel Claim

Finally, Defendant argues that Plaintiff's promissory estoppel claim should be dismissed for failure to allege a clear and definite promise. Defendant contends that any purported promise is too vague to be enforceable. Plaintiff, citing *Vanguard I*, notes that the *Vanguard I* court found as dispositive that "Plaintiff allege[d] Defendants' confirmation and identification cards indicated the services rendered and Defendants would be responsible to pay the claims." *Vanguard I*, 2021 WL 4651504, at *4.

"The elements required to establish promissory estoppel liability under Florida law are: (1) a promise made by the promisor[,] (2) 'which the promisor should reasonably expect to induce action or forbearance on the part of the promisee,' (3) that in fact induced such action or forbearance, and that (4) 'injustice can be avoided only by enforcement of the promise.'" *White Holding Co., Ltd. Liab. Co. v. Martin Marietta Materials, Inc.*, 423 Fed. Appx. 943, 947 (11th Cir. 2011) (citing *W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)) (quoting Restatement (Second) of Contracts § 90 (1979)).

The undersigned finds that Plaintiff's complaint adequately alleges promissory estoppel liability. As with the implied-in-fact contract, Plaintiff alleges that Defendant via its identification cards acknowledged its recognition of shared savings networks. Defendant should expect that such acknowledgment would induce in Plaintiff the reasonable assumption that Defendant would perform as expected under the terms of such networks. Plaintiff did, indeed, render services based on that expectation. Accordingly, Plaintiff alleges Defendant acknowledged such services and their terms, allowed Plaintiff to act with the expectation that the terms of such services would be fulfilled, and then failed to live up to its promise. Taken in the light most favorable to the Plaintiff, the alleged circumstances adequately allege a claim for promissory estoppel.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's Motion, ECF No. 15, be GRANTED to the extent that Plaintiff's Count III, for Unjust Enrichment/Breach of Implied-in-Law Contract, should be dismissed. The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 24th day of January 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record